# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2022

Lyle W. Cayce
Clerk

No. 21-10003
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BENTLEY MARK JENKINS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:13-CR-32-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Bentley Jenkins, federal prisoner #34007-177, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He contends that he has shown extraordinary and compelling reasons for release based on the risk of severe illness if he contracts COVID-19 and because he was

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10003

erroneously sentenced as a career offender. With the benefit of liberal construction, Jenkins maintains that the district court erroneously relied on the Sentencing Commission's advice in U.S.S.G. § 1B1.13, p.s. He also avers that the court made a conclusional assertion that he poses a danger to the community; he reasons that the 18 U.S.C. § 3553(a) factors weigh in favor of release.

The district court denied the motion *sua sponte* without receiving a response from the government. It found that Jenkins had not made the showing required to obtain a reduction in sentence because the circumstances that he described were not extraordinary or compelling. The court also noted that, even if extraordinary and compelling reasons existed, a reduction in sentence was unwarranted because Jenkins is relatively young, had two convictions for bank robbery, and remained a danger to the safety of other persons and the community. Further, the court stated that, after weighing the § 3553(a) factors, it was "not inclined to grant relief."

There is no abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Although the district court denied the motion before issuance of *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021), the order is not in conflict with that decision. Although the court cited § 1B1.13, it did not indicate reliance on that guideline. The order also provided multiple alternative reasons for denial, none of which expressly depended on § 1B1.13. Although Jenkins reasons that the court should have given more weight to sympathetic § 3553(a) factors, his disagreement with the court's weighing of those factors does not warrant relief. *See Chambliss*, 948 F.3d at 694.

The judgment is AFFIRMED. Jenkins's motion for appointment of counsel is DENIED.